[No. 8020.]

## GUMAER ET AL. V. BELL.

JUDGMENT—*By Default—Order Vacating—Defenses Admissible.* Where by the order vacating a judgment by default, the defendant is permitted to set up by his answer only the matters of defense alleged in his motion and affidavit of merits, he will not be heard to interpose other and different grounds of defense. (315.)

*Error to El Paso District Court.* Hon. JAMES OWEN, Judge.

Mr. JAMES T. LOCKE, for plaintiffs in error.

Mr. HORACE G. LUNT, Mr. MICHAEL B. HURLEY, for defendant in error.

WHITE J., delivered the opinion of the court.

Upon a previous consideration of this case a judgment upon default, entered by the trial court against the defendants therein, was reversed with directions that the judgment and default in the District Court be set aside, and the defendants "given leave to file their answer to the complaint in the action, as they ask in their motion to vacate, within such reasonable time as may be fixed by the court." *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 681. Upon the order being entered in the District Court the defendants filed separate answers. The plaintiff seeks to recover judgment against the defendants upon two promissory notes made payable to the order of E. L. Gumaer and signed by A. R. Gumaer. The complaint alleges that E. L. Gumaer endorsed the notes before any delivery thereof, and that they were subsequently transferred, delivered to and became the property of the plaintiff in the suit, and that $250 had been paid on each of said notes on a designated date, within less than six years prior to the institution of the suit. The answer of E. L. Gumaer admits the execution of the notes by her co-defendant, and that she endorsed the same; denies all other allegations of the complaints, and pleads, as a defense to the

cause of action upon each note, the six year statute of limitation.

The amended answer of A. R. Gumaer admits the execution of the notes, and the endorsement thereof by E. L. Gumaer, and alleges that thereafter they were delivered by himself to one Quinlan. Admits the payment of $250 on each of said notes but alleges that such payments were made at their maturity, and not afterwards, and pleads as a defense to the cause of action upon each note the six year statute of limitation. In the joint affidavit of merits and motion of defendants upon which this court, in *Gumaer v. Bell, supra,* ordered the default and judgment of the District Court set aside, and the defendants permitted to answer as "they ask in their motion to vacate," the statute of limitation is neither set forth nor reference made thereto. In fact, the sole defense set forth therein is in the nature of off-sets or counterclaims which, it is alleged, should be allowed defendants as payments upon said notes; and in the answers filed upon which the case was heard and the instant judgment entered, neither defendant sets forth or mentions any such defense.

Moreover, in the aforesaid motion and affidavit of merits, in pleading one of the several counterclaims, it is alleged that from the year "1895 to the year 1901, both inclusive," Quinlan, who then owned said notes, and which were long past due, "requested from time to time that the defendants pay for said Quinlan the said taxes" upon a certain tract of land situate in the County of Pueblo, State of Colorado, and that "the defendants did pay to the treasurer of Pueblo County the said taxes for said years amounting in all to the sum of $1,085"; that the money so paid for taxes "was money advanced by the defendants to said Quinlan, and they are advised that they are entitled to off-set said payments so made and interest thereon, against said promissory notes." The defendants also asked therein that they be allowed "to have an accounting, and they offer to abide by said account-

ing and to pay any sum or sums that may be found due or owing on said notes, but they allege that said accounting will show that nothing whatever is due or owing on said notes."

Plaintiff replied to the answers, alleging that the proceedings resulting in the order of this court permitting defendants to answer, constituted a waiver, estoppel and limitation to rely upon any defense not set forth in the motion and affidavit of merits constituting the basis of that proceeding. An acknowledgment of the debt and a new promise to pay the notes made by each of the defendants within six years prior to the commencement of the suit was also pleaded. A. R. Gumaer was called and examined on behalf of plaintiff under the provisions of the statute. Plaintiff also introduced other evidence and submitted his case. Thereupon a motion was interposed to dismiss the proceeding as to E. L. Gumaer on the ground that the complaint failed to set forth sufficient facts, and the evidence was insufficient, by reason of its failure to show compliance with the conditions of sec. 247 Mills' Ann. Stat., 1891, to hold her liable as endorser on either note. The motion was denied. No other evidence was offered, given or received; and the court thereupon found the issues in favor of the plaintiff, and gave judgment accordingly. The defendants bring the cause here for review upon writ of error.

If the defendants' motion and affidavit of merits had set forth the alleged defenses now urged and none other, it is doubtful if this court would have ordered the default and judgment vacated, and extended to defendants the right to answer. But, be that as it may, no such defenses were set forth in the motion and affidavit of merits, and defendants were only permitted to plead "as they ask in their motion to vacate." They were not given the right to "plead" generally, nor even the full right to "answer," but only to do the latter in a particular way. In that proceeding both defendants relied upon the alleged partial payments and off-

sets therein referred to as their sole defense. By the language of the affidavit of merits the notes were recognized as valid obligations of both defendants. Moreover, they offered therein to abide by the findings upon the matters so set forth and to pay any portion of the notes not discharged thereby. These were the conditions upon which plaintiff's judgment was set aside, defendants' default removed, and the latter let in to defend. Considering the record here, in conjunction with our former opinion in this case, it is certain that neither of the defendants has cause to complain of the action of the trial court in the premises. The judgment is, therefore, affirmed.

*Judgment affirmed.*

GABBERT, C. J., and TELLER, J., concur.

Decided April 5, A. D. 1915. Rehearing denied June 7, A. D. 1915.